**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **James Wilkes and Blannie Wilkes** | ) | |
| | ) | **Case No: _____** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **Dynamic Recovery Solutions, LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

1.    This is an action brought by the Plaintiffs, James and Blannie Wilkes, for actual and statutory damages, attorneys' fees, and costs for Dynamic Recovery Solution, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). The Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331 and §1367.

3.    Venue is proper in the Florence Division because the Plaintiffs reside in Florence County and the Defendant transacted business in this division.

## PARTIES

4.    The Plaintiffs, James Wilkes and Blannie Wilkes, are residents and citizens of the

State of South Carolina, Florence County, and are over the age of twenty-one (21) years.

5.    The Defendant, Dynamic Recovery Solutions, LLC ("Dynamic") is a South Carolina corporation and can be served with process through its registered agent, National Registered Agents, Inc., 2 Office Park Ct., Suite 103, Columbia, SC 29223. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    The Defendant called and continues to call the Plaintiffs multiple times per day in an attempt to collect an alleged debt. The Plaintiffs were worried to death by these calls and felt harassed by the calls.

7.    Upon information and belief, the Defendant also called the Plaintiffs' work number multiple times per week.

8.    The Defendant left messages on the Plaintiffs' non-exclusive answering machine at home and left messages with the receptionist at Blannie Wilkes' place of employment. Said messages did not indicate that the calls were made in an attempt to collect a debt, but instead simply indicated that they were from an individual calling on an urgent matter and that it was important for the Plaintiffs to call the Defendant back as soon

as possible.  These messages were heard by third parties and caused embarrassment to the Plaintiffs.

9.      The Defendant left no less than five messages on the Plaintiffs' answering machine, each identical or substantially similar to the rest. The consistent nature of the messages left by the Defendant indicate that the Defendant's employees are trained to not only repeatedly call consumers in an attempt to collect a debt, but to leave messages on answering machines which fail to identify that the calls are being made in an attempt to collect a debt.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

10.     The Plaintiffs adopt the averments and allegations of paragraphs 6 through 9 hereinbefore as if fully set forth herein.

11.     The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiffs' alleged consumer debt.

12.     The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiffs at a time or place Defendant knew or should have known was inconvenient to the Plaintiffs by calling the Plaintiffs multiple times per day, multiple days in a row, and by calling Blannie Wilkes' place of employment.

13.     The Defendant violated §1692e(11) by leaving numerous messages on the Plaintiffs' answering machine which did not identify that the call was an attempt to collect a debt.

14.    The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

15.    The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

16.    As a proximate result of the Defendant's actions, the Plaintiffs were caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

**COUNT TWO**
**NEGLIGENT TRAINING AND SUPERVISION**

17.    The Plaintiffs adopt the averments and allegations of paragraphs 6 through 16 hereinbefore as if fully set forth herein.

18.    Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

19.    Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

20.    Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

21.    Defendant negligently failed to train and supervise collectors on the FDCPA as it

relates to communications with consumers.

22.    As a result of Defendant's negligence, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

23.    The Plaintiffs adopt the averments and allegations of paragraphs 6 through 22 hereinbefore as if fully set forth herein.

24.    Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

25.    Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

26.    Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

27.    Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

28.    As a result of Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the

Defendant as follows:

A.   Statutory damages of $1,000 for each Plaintiff from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

B.   Actual damages for each Plaintiff for Defendant's violations of the FDCPA;

C.   Costs and reasonable attorneys' fees from the Defendant pursuant to 15 U.S.C. §1692k;

D.   Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiffs' state law claims for damages due to the Defendant's Negligent Training and Supervision and Reckless and Wanton Training and Supervision; and

E.   For such other and further relief as the Court may deem just and proper.


/s/ Penny Hays Cauley
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiffs


**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Dynamic Recovery Solutions, LLC
c/o National Registered Agents, Inc. - registered agent
2 Office Park Ct., Suite 103
Columbia, SC 29223